UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| KENY MARTINEZ VALERIANO, Petitioner, | ) | |
| v. | ) | Case No. 2:26-cv-326 |
| MARKWAYNE MULLIN, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TODDD BLANCHE, IN HIS OFFICIAL CAPACITY AS U.S. ATTORNEY GENERAL; DAVID WESLING, IN HIS OFFICIAL CAPACITY AS ACTING BOSTON FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS; DAVID W. JOHNSTON, VERMONT SUB-OFFICE DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS; AND GREG HALE, IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT, NORTHWEST STATE CORRECTIONAL FACILITY, Respondents. | ) | |

**TEMPORARY RESTRAINING ORDER**

Petitioner KENY MARTINEZ VALERIANO has filed a petition for a writ of habeas corpus. He names Markwayne Mullin, in his official capacity as Secretary of the United States Department of Homeland Security; Todd Blanche, in his official capacity as U.S. Attorney General; David Wesling, in his official capacity as Acting Boston Field Office Director, Immigration and Customs

Enforcement, Enforcement and Removal Operations; David W. Johnston, Vermont Sub-Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations; and Greg Hale, in his official capacity as Superintendent, Northwest State Correctional Facility.

Upon review of the petition, the Court hereby ORDERS as follows:

1. The clerk of this court shall forthwith serve a copy of the petition and this Order upon respondents and the United States Attorney for the District of Vermont.

2. Respondents shall, no later than Friday, September 11, 2026 answer or respond to the petition. *See* 28 U.S.C. 2243 (a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

3. Petitioner shall not be removed from the District of Vermont pending further order of this court. A federal court "always has jurisdiction to determine its own jurisdiction," including its own subject matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To allow the court to determine whether it has subject-matter jurisdiction, and if so, to determine whether habeas relief should be granted, the court ORDERS respondent to preserve the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court has[s] the power to preserve existing conditions while it is determining its own authority to grant injunctive relief," unless the

assertion of jurisdiction is frivolous.). This Order to preserve the status quo remains valid unless and until overturned, even if this court lacks subject-matter jurisdiction to determine the merits of the underlying action. *See id.* at 294-95 (upholding criminal contempt convictions for violations of a preliminary injunction, assuming the District Court had no jurisdiction to decide the underlying matter). This principle applies with even greater force when the action the court enjoins would otherwise destroy its jurisdiction or moot the case. *See United States v. Shipp,* 203 U.S. 563, 573 (1906).

4. This Order is issued without notice because if the court awaits notice, Petitioner may be transferred from the District of Vermont before the court is able to act. This creates an imminent risk of irreparable injury, because if Petitioner is transferred outside the District, it may prohibit or impair Petitioner's attendance at the court's habeas hearings and Petitioner's effective consultation with counsel in preparation for and during those hearings. *See* Fed. R. Civ. P. 65(b); *cf. Ozturk v. Trump*, 2025 WL 1145250, at *3-4 (D. Vt. Apr. 18, 2025) (order prohibiting transfer issued); *Mahdawi v. Trump*, 2025 WL 1243135, at * 3 (D. Vt. Apr. 30, 2025) (same), *with Petrova v. U.S. Dep't of Homeland Sec.*, Case No. 2:25-cv-00240 (D. Vt.) at Doc. 70 (petitioner transferred to Louisiana correctional facility necessitating her video appearance at hearings at which her counsel appeared in person preventing effective attorney-client consultation during the hearing as well as limited attorney-client communication in advance of hearing due to lack of facility resources). Respondents shall suffer neither irreparable harm nor undue prejudice if Petitioner is not removed from the District pending the outcome of these proceedings. *See Ozturk v. Hyde*, 136 F.4th 382, 402 (2d Cir. 2025). Should the potential for prejudice arise, Respondents may petition the court for relief.

5. The Court further ORDERS that a status conference on the petition will be held on September 14th, 2026. Petitioner may choose to file a reply to the Respondents' answer or response to the petition before the status conference. Both parties should inform the Court as to whether they wish to continue with the status conference, or whether the Court should decide the petition based upon the briefing. The parties may choose to address whether this case differs from this Court's recent decision in *Guzman Garcia v. Wesling*, No. 2:26-cv-149, 2026 WL 1229146, 2026 U.S. Dist. LEXIS 98911 (D. Vt. May 5, 2026).

DATED at Burlington, in the District of Vermont, this 8th day of September 2026 at 3:37 p.m.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge